***********
The Full Commission has reviewed the prior Decision and Order of Special Deputy Commissioner Hammond based upon the record of the proceedings before the Special Deputy as well as the assignments of error and brief before the Full Commission. Upon review and reconsideration of the record of the proceedings, Plaintiff's Tort Claim Affidavit, and the prior Motions and Orders in this case, the Full Commission is of the opinion that good grounds exist to affirm in part, the Decision and Order of Special Deputy Commissioner Hammond, and to remand in part, this matter back to the Deputy Commissioner level for hearing on Plaintiff's negligence claim(s) which are not based on medical malpractice. The Full Commission therefore enters the following Decision and Order.
 *********** *Page 2 
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 14, 2010, Plaintiff, an inmate incarcerated in the North Carolina Department of Correction, initiated this civil action by filing a Tort Claim Affidavit with the North Carolina Industrial Commission. Plaintiff's Affidavit states one or more claims based on negligence and medical malpractice.
2. On June 11, 2010, Defendant filed with the Industrial Commission its Motion to Dismiss and Motion for Stay of Discovery. In its Motion, Defendant moved for dismissal of Plaintiff's claim based on his failure to comply with the pleading requirements contained in Rule 9(j) of the North Carolina Rules of Civil Procedure.
3. On or about July 28, 2010, Plaintiff filed with the Industrial Commission a document entitled, "Amendment to my Claim," which asserts that his complaint alleges facts establishing negligence under the common-law doctrine of res ipsa loquitur, and therefore, his claim falls within one of the exceptions to Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. On August 4, 2010, former Special Deputy Commissioner Hammond conducted a pretrial videoconference on Defendant's Motion to Dismiss. At the hearing, Defendant made an oral Motion to amend its Motion to Dismiss. Defendant moved to dismiss Plaintiff's claim on the grounds that Plaintiff failed to assert a negligence claim against any State agency or department. The remainder of the hearing focused only on Plaintiff's medical malpractice claim.
5. On August 26, 2010, former Special Deputy Commissioner Hammond filed an Interlocutory Order concluding that Plaintiff had failed to sufficiently state a claim for medical *Page 3 
negligence under the common-law doctrine of res ipsaloquitur, and allowing Plaintiff One Hundred Twenty (120) days to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. The Interlocutory Order further stated that "[i]n the event that Plaintiff fails to timely satisfy the requirements of this Order, his tort claim will be subject to dismissal with prejudice," and:
 In the event that Plaintiff fails to timely satisfy the requirements of this Order, the above captioned tort claim SHALL be subject to dismissal with prejudice and such dismissal may occur upon a sua sponte review by the undersigned or a Deputy Commissioner with the North Carolina Industrial Commission. (Interlocutory Order, Order, ¶ 3.)
The Interlocutory Order did not address Plaintiff's claim(s) for negligence against Defendant or Defendant's Amended Motion to Dismiss.
6. On February 9, 2011, former Special Deputy Commissioner Hammond filed a Decision and Order dismissing Plaintiff's claim due to his failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure and her August 26, 2010 Interlocutory Order. As with the Interlocutory Order, the Decision and Order did not address Plaintiff's claim(s) for negligence against Defendant or Defendant's Amended Motion to Dismiss.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 4 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Rule T205 of the North Carolina Tort Claims Rules states that "the Industrial Commission may act upon a Motion at any time, despite the absence of notice to all parties, and without awaiting a response."
4. Rule 9(j) of the North Carolina Rules of Civil Procedure states the following:
 Any complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless: (emphasis added)
 a) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
N.C. Gen. Stat. § 1A-1, Rule 9(j) (2010).
5. The Tort Claims Act Affidavit for the above captioned matter does not assert that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness. Furthermore, this matter was previously set before former Special Deputy Commissioner Hammond for a pretrial videoconference hearing and heard upon the Defendant's *Page 5 
Motion to Dismiss. On August 26, 2010, Special Deputy Commissioner Hammond issued an Interlocutory Order and made the following findings:
 a) The undersigned finds, taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, that Plaintiff has asserted a potential claim for medical negligence, and that his allegations would not be such as to invoke the legal doctrine of res ipsa loquitur. (Interlocutory Order, Finding of Fact, ¶ 8.)
 b) The undersigned finds that Plaintiff needs an additional period of time to amend his complaint to meet the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. (Interlocutory Order, Finding of Fact, ¶ 10.)
6. Special Deputy Commissioner Hammond provided Plaintiff with One Hundred Twenty (120) days to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Plaintiff has not provided an affidavit in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure within the time period permitted by the August 26, 2010 Interlocutory Order. Furthermore, no exception to Rule 9(j) of the North Carolina Rules of Civil Procedure is applicable to the above captioned tort matter. As such, Plaintiff's claim based on medical malpractice must be dismissed.
7. In addition to stating a claim for medical malpractice, Plaintiff's Affidavit states one or more claims based on negligence. As no evidence has been presented on Plaintiff's negligence claims, this case is remanded to a Deputy Commissioner for an evidentiary hearing on Plaintiff's negligence claim(s) which do not involve allegations of medical malpractice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 6 
 ORDER
1. Plaintiff's claim based on medical malpractice is hereby DISMISSED WITH PREJUDICE.
2. Defendant's Amended Motion to Dismiss Plaintiff's claim for failure to assert a negligence claim against a State agency or department is hereby HELD IN ABEYANCE.
3. This matter is hereby REMANDED to Chief Deputy Commissioner Wanda Blanche Taylor, for assignment to a Deputy Commissioner for hearing on Plaintiff's negligence claim(s) which are not based on medical malpractice allegations.
4. No costs are taxed at this time.
This the ___ day of September, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ TAMMY R. NANCE COMMISSIONER *Page 1